HARLAN for plaintiff; SWOPE for defendant.

---

## Clarkson vs. Barnett's heirs.

Case 34.

1. A *lis pendens* purchaser of land must abide the decision of the suit, and the chancellor will compel him to give the possession to the successful party.

2. A petition brought by heirs to sell their real estate is not such a *lis pendens* as will authorize the chancellor to entertain jurisdiction to turn out one who enters, claiming the land as his own pending the petition for sale, at the instance of a purchaser under a decree for cash.

September 24.

Judge SIMPSON delivered the opinion of the court.

The heirs of E. B. Rule, claiming to be the proprietors of sixty acres of land in Grant county, filed a petition by their guardian, in the circuit court of that county, to have a sale of it decreed by the court, and obtained a decree for that purpose. A sale of the land was made under the decree, and it was purchased by David S. Clarkson after the petition was filed, and before the sale was made. Barnett entered upon the land and took possession of part of it, claiming it as his own. He contends that he had been in the actual possession of it for several years previous to the time mentioned, when he took possession of it by actual residence thereon, which he has continued ever since; but that fact is denied, and has not been established by proof.

The purchaser of the land under the decree of the court, filed a petition in the year 1839, to which he made Barnett a defendant, praying the chancellor to compel him to surrender the possession of the land, and to give to the petitioner the benefit of his purchase. The question to be decided is, whether the chancellor will, upon the facts stated, either require Barnett to surrender the possession, without any regard to the nature of his right or title to the land, or exercise a jurisdiction over the subject matter, and investigate the relative superiority of the title of the parties to the land, and decree accordingly, whether the title be legal or equitable.

There are cases where courts of chancery will enforce their decrees against all persons who may have acquired the possession of the land during the time the suit was pending; but the cases alluded to, are those in which the land is sued for, or where a suit is brought to subject it to sale for the payment of a debt, and pending the suit a person has gained the possession by purchasing the right of the original defendant. And there may perhaps be cases where the principle would be extended further, and a person who had acquired the possession during the pendency of the suit, claiming the land under another title, and not entering

CLARKSON
vs.
BARNETT'S
HEIRS.

Case stated.

1. A *lis pendens* purchaser of land must abide the decision of the suit, and the chancellor will compel him to give the possession to the successful party.

under the original defendant, would be bound by the decree. The reason upon which this doctrine is founded does not however apply in a case like the present. In the cases in which it has an application the complainant brings his suit against those persons who are necessary parties at the time it is instituted; the object of the suit is to obtain the possession of the land, or to subject it to the payment of a debt; the complainant avails himself of the aid of a court of chancery to obtain the possession of the land, and resorts, for the purpose, to those means which the law furnishes, and having done so is entitled to the benefit of the decree.

2. A petition brought by heirs to sell their real estate is not such a *lis pendens* as will authorize the chancellor to entertain jurisdiction to turn out one who enters, claiming the land as his own pending the petition for sale, at the instance of a purchaser under the decree for sale.

But in this case there was no real *lis pendens*—no suit was brought for the land. The owners of it being infants applied to the chancellor to sell it for them. If any one entered on the land during the pendency of the proceedings, they had the same right to bring a suit against him that they would have had if no petition had been filed, and it was their duty to do it. The purchaser occupies their position, and has no more right to call upon the chancellor to compel Barnett to surrender the possession of the land than Rule's heirs had. They certainly could not, by an application to the chancellor to decree a sale of the land, have acquired a right to proceed against Barnett in the same court, without a presentation of such facts as would constitute an equitable claim against him, merely on the ground that he had entered upon the land after they had exhibited their petition praying for a sale of it. As the purchaser has not in his petition set forth any matter that would give the court jurisdiction, but relies alone upon the fact that Barnett entered upon the land during the pendency of the petition to sell it, the court below did not err in dismissing his petition without prejudice, and leaving him to the use of such remedies as the law affords him under the circumstances.

Wherefore, the decree is affirmed.